# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

U.S. District Court
Wisconsin Eastern

SEP - 6 2024

FILED
Clerk of Court

Zachary Paul Nush

        Plaintiff

vs

BO GALLIGAN
FOND DU LAC COUNTY

        Defendants

Case No. **24-C-1135**

Civil Action

42 USC § 1983 - Civil Action for Deprivation of Rights

Affidavit of Complaint for Damages
Counter Claim to State Court Action

Demand for 7th Amendment Trial by Jury

## Affidavit of Complaint for Damages

State of Wisconsin

County of Fond du Lac

COMES NOW, I, Zachary-Paul: Nush, the undersigned affiant and plaintiff, who is a natural born American State Citizen of Illinois, one of the Several States of the Union, being first duly sworn deposes and states the following:

### 1. Introduction

I am the counter plaintiff in this action. I am over the age of majority, which is 18 years of age, have firsthand knowledge of the alleged unlawful conduct complained, and am competent to testify to the matters stated herein.

This affidavit is made to assert my complaint against BO GALLIGAN (Defendant), for the deprivation of my constitutional rights under color of state law as well as FOND DU LAC COUNTY, as many of their officers have deprived me of my constitutional right to travel in the past. Defendant BO GALLIGAN, who is a public official operating under oath at the office of FOND DU LAC COUNTY, located at 180 South Macy Street, Fond du Lac, Wisconsin 54935, and may be served at this address, thus subjecting the defendants to the jurisdiction of this court.

### 2. Parties

Plaintiff:
Zachary Paul Nush, inhabiting the land and receiving mail at c/o rural route W5393 Wildlife Lane, Fond du Lac Wisconsin-Republic nearby [54937], Non-Domestic Without the UNITED STATES. Phone #: 920-574-9060

Defendant: BO GALLIGAN, Employed by FOND DU LAC COUNTY, Located at 180 South Macy Street, Fond du Lac, Wisconsin 54935

Defendant: FOND DU LAC COUNTY (Registered Corporation on Dun and Bradstreet as COUNTY OF FOND DU LAC), located at 180 South Macy Street, Fond du Lac, Wisconsin 54935

## 3. Jurisdiction and Venue

This court has jurisdiction over this action pursuant to 28 USC § 1331, 28 USC § 1343 (4) and 42 USC § 1983. Venue is proper in this district under 28 USC § 1391 (b), because the events giving rise to this claim occurred in this district.

## 4. Nature of Cause

Plaintiff brings this counter suit to this court instead of state court under constitutional question jurisdiction. Certain Constitutional issues arise in the state court action. Constitutional Questions are as follows:

Did Mr. Nush have his constitutional right to travel by automobile unlawfully deprived by the state government issuing a driver's license, license plate, and attaching a fee to the license?

Does lawfully traveling by automobile in the everyday course of life give the state the right to issue drivers licenses to citizens who are not employed to drive a motor vehicle, nor engage in intrastate commerce, or interstate commerce?

Did OFFICER GALLIGAN unlawfully deprive Mr. Nush of his constitutional right to travel by automobile under color of State law?

Were the actions of OFFICER GALLIGAN unlawful?

Is stopping a private automobile without probable cause of criminal activity (injured party or damage to property) required by common law, an unreasonable stop, search, seizure, and a violation of due process of law?

Does the USA passport card, a travel document, serve as prima facie evidence of lawful travel as a matter of right?

Is the state allowed to convert a liberty or constitutional right into a privilege and issue a license, attach a fee to the license, and criminalize non-compliance?

Is Mr. Nush allowed to travel by automobile as a matter of a constitutional right, with the common law, and not be required to be licensed by the State Government.

## 5. Cause of Action with Supporting Facts

Cause of action is brought forth on the many constitutional issues that arise in the instant matter.

I allege that my constitutional rights have been unlawfully deprived and that the following facts, with supporting precedent case law, laws, and legal definitions below form the basis for my allegations against Defendant BO GALLIGAN and FOND DU LAC COUNTY:

Count 1: 18 USC § 242 - Deprivation of Rights under Color of Law

On 08/18/2024 at approximately 3:45 pm, OFFICER BO GALLIGAN (hereafter the defendant) conducted a non-emergency traffic stop against the counter plaintiff, Mr. Nush's (hereafter plaintiff) "private motor

carrier"/private automobile, for an alleged registration violation and alleged operating while suspended violation. Plaintiff was peacefully traveling as a matter of a Constitutional right, not "driving" in a commercial capacity, not violating the rights of others nor committing any crimes, when said travel was unlawfully delayed, deprived, and obstructed by the Defendant OFFICER BO GALLIGAN. Plaintiff has valid and active US DOT Registration and a US DOT Number for private travel purposes. That number is US DOT# 4276730 and was properly displayed at the time of the stop. Plaintiff also displayed a private plate indicating the automobile is private property, not for hire, and listed a fee schedule the officer agrees to be liable for by his actions of any non-emergency traffic stops. The fee is $10,000.00 per minute delayed or detained from a non-emergency traffic stop. The Defendant tacitly agreed and gave implied consent agreeing to be liable to that fee by conducting the non-emergency traffic stop. Plaintiff also further verbally informed Defendant GALLIGAN of the fee as well and the Defendant simply ignored it without any objections. Thus, a full disclosure of the terms and conditions and applicable fee were stated to Defendant GALLIGAN. There is an implied contract by way of the defendant's tacit agreement of the terms and conditions by way of his actions.

According to Black's Law Dictionary, an emergency is defined as: "Situation requiring immediate attention and remedial action. Involves injury, loss of life, damage to property, or catastrophic interference with normal activities. A sudden, unexpected, or impending situation". *The Law Dictionary.org*

Is peacefully traveling in an automobile in the everyday course of life as a matter of right, not injuring anyone, damaging anyone's property, nor causing any unexpected interference with normal activities, and properly displaying valid and active US DOT # for private travel, requiring immediate attention as that action could "damage someone's property, or injure someone"? That answer is no. There was no lawful basis for the stop, and the Defendant instead could've followed proper due process of law (5th amendment) and mailed the uniform citations (summons) instead and not deprive and obstruct plaintiffs constitutional right to travel under the color of state law.

See *Kent v. Dulles,* 357 U.S. 116, 125. "The right to travel is part of the Liberty of which the citizen cannot be deprived without due process of law under the Fifth Amendment".

The exception to exercising police power upon no injured party and emergency is if Plaintiff was operating a "motor vehicle" for hire or compensation under contract with the State DOT/DMV called a "driver's license". By adhesion contract, the state can regulate individuals and corporations using the public highways for hire/commercial purposes.  In federal law, this is known as intrastate commerce and interstate commerce. At the time of the stop, Plaintiff was not operating a "motor vehicle" for hire or compensation, nor engaged in intrastate, or interstate commerce, and there is no evidence to support the contrary. Plaintiff has also voluntarily rescinded the "Driver's License" contract with the state DOT as plaintiff does not use the highways for hire or commercial purposes nor intends to do so.

Plaintiff only displayed the state issued plate at the time of the stop under threat of duress, false detainment, harassment, and non-emergency traffic stops as plaintiffs constitutional right to vehicle travel has been deprived many times in the past by other officers of FOND DU LAC COUNTY. Plaintiff on moral grounds has attempted to refrain from filing lawsuits and peacefully let the issue go. This issue with FOND DU LAC COUNTY and their officers has been going on for quite a few years. Since 2020, these actions of harassment have been going on. Plaintiff has contacted many of the appropriate persons and notified them of the law, and despite those attempts to educate and have the officers of FOND DU LAC COUNTY Sheriff's Department properly trained, police harassment continues, and plaintiff continues to be stopped and deprived of one of the most basic and fundamental rights in our constitutional republic under the color of state law. For the third time, Plaintiff does not drive in a commercial capacity nor "operates a motor vehicle for hire". It is to plaintiff's knowledge and understanding of the law that motor vehicle codes only apply to persons and/or corporations operating motor vehicles for hire and used for commercial purposes. and unless the plaintiff causes injury to someone, damages one's property, commits a crime, or there's a valid warrant supported with probable cause, signed under oath,

issued by a competent judge, all in line with common law, there's no basis for cause of action against the plaintiff.

According to Title 18 USC § 31 (a)(6) a motor vehicle is defined as: "the term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and **used for commercial purposes** on the highways in the transportation of passengers, passengers and property, or property or cargo. (emphasis added) And in Title 18 USC § 31 (a)(10), used for commercial purposes is defined as: "the term used for commercial purposes means the carriage of persons or property **for any fare, fee, rate, charge, or other consideration, or directly or indirectly in connection with any business, or other undertaking intended for profit.** (emphasis added)

Plaintiffs US DOT carrier operation is classified as "INTERSTATE NON-HAZMAT" and as "PRIVATE PROPERTY, PRIVATE PASSENGER, NON-BUSINESS, For HOUSEHOLD GOODS, PASSENGERS, and, OTHER." That classification also exempts the plaintiff's Private Motor Carrier/Private Automobile from the commercial regulations and reporting requirements with the US DOT and State DOT.
Originally, Defendant GALLIGAN only ran the state plate and not the US DOT #, which is why he conducted the non-emergency traffic stop. When Defendant GALLIGAN got to my window, he demanded me for my "Driver's License", in which I asserted I was exercising my constitutional right to travel and handed the Defendant my USA Passport Card instead.

See *United States v. Miller*, 230 F 2nd 486, 489. "The claim and exercise of a Constitutional right cannot be converted into a crime."

I clearly asserted my Constitutional right to travel, and the right is well established, and yet that is exactly what Defendant GALLIGAN's actions were doing, by issuing two citations for alleged traffic violations despite those statutes converting my right into a privilege and criminalizing non-compliance of the state statutes. When Defendant GALLIGAN was handing plaintiff the citations, plaintiff asked if he ran the US DOT #, in which he stated he did. I asked him if the US DOT registration came back as "Private Property, Private Passenger, Non-Business? In which he also acknowledged that it did. Despite my automobile being registered as a Private Motor Carrier (as a non-CMV), Private Property, Private Passenger, Non-Business, Defendant GALLIGAN still issued me a citation for no registration.

The USA Passport Card, which is issued by the US Department of State, is a valid travel document and takes place of the driver's license when not using the public highways as a place of business or being used for commercial purposes. The USA Passport card also acts as the *prima facie evidence* of lawful travel and not driving in a commercial capacity.

It will be necessary to look at early cases and legal authority in order to reach a lawfully correct theory dealing with this Right or "privilege". We will attempt to reach a conclusion to what is a *"right to use the public highways"* and what is a *"privilege to use the public highways"*. Once reaching that determination, we shall then apply these positions and understand why the actions of Defendant GALLIGAN against the Plaintiff were in fact unlawful.

Many States Supreme Courts have established the citizens right to travel by automobile in the everyday course of life.

"The right of the citizen to travel upon public highways and to transport his property thereon, either by horse drawn carriage or automobile, is not a mere privilege which a City/State may permit or prohibit at will, but a common Right which he has under the right to Life, Liberty, and the Pursuit of Happiness." *Thompson v. Smith*, 154 SE 579.

and…

"The use of the highway for the purpose of travel and transportation is not a mere privilege, but a common and fundamental right which the public and individuals cannot be rightfully deprived." *Chicago Motor Coach v. Chicago*, 337 IIL200, 169 NE 22, 66 ALR 834. *Ligare v. Chicago*, 139 III. 46, 28 NE 934. *Booney v. Dark*, 214 SW 607; 25 AM JUR (1ˢᵗ) Highways, Sec. 163.

and…

"The right of the Citizen to travel upon the public highways and to transport his property thereon, in the ordinary course of life and business, is a common right which he has under the right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety. **It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel**, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business." *Thompson vs. Smith*, supra.; *Teche Lines vs. Danforth, Miss.*, 12 S.2d 784 (emphasis added)

And further established in both American Jurisprudence and Corpus Juris Secundum Legal Encyclopedias, which both encyclopedias, establish the foundational and fundamental rules and principles of American Law and how the American Legal System is ran.

"Personal liberty largely consists of the **Right of locomotion** -- to go where and when one pleases -- only so far restrained as the Rights of others may make it necessary for the welfare of all other citizens. The **Right of the Citizen to travel** upon the public highways and to transport his property thereon, by horse drawn carriage, wagon, or automobile, is not a mere privilege which may be permitted or prohibited at will, **but the common Right which he has under his Right to life, liberty, and the pursuit of happiness. Under this Constitutional guarantee** one may, therefore, under normal conditions, travel at his inclination along the public highways or in public places, and while conducting himself in an orderly and decent manner, neither interfering with nor disturbing another's Rights, he will be protected, not only in his person, but in his safe conduct." *II Am. Jur. (1st) Constitutional Law, Sect.329, p.1135* (emphasis added)

There is no dissent among various authorities to this position. (See *Am. Jur. [1st] Const. Law, 329* and corresponding *Am. Jur. [2nd]*.)

"Personal liberty -- or the right to enjoyment of life and liberty -- is one of the fundamental or natural rights, which has been protected by its inclusion as a guarantee in the various constitutions, which is not derived from nor dependent on the U.S. Constitution. ... It is one of the most sacred and valuable rights as sacred as the right to private property... and is regarded as inalienable." *16 C.J.S. Const. Law, Sect.202, p. 987*

And the US Courts have also ruled in favor of the citizens right to travel.

"First, it is well established law that the highways of the state are public property, and their primary and preferred use is for private purposes, and that their use for purposes of gain is special and extraordinary which, generally at least, the legislature may prohibit or condition as it sees fit." *Stephenson vs. Rinford*, 287 US 251; *Pachard vs Banton*, 264 US 140, and cases cited; *Frost and F. Trucking Co. vs. Railroad Commission*, 271 US 592; *Railroad commission vs. Inter-City Forwarding Co.*, 57 SW.2d 290; *Parlett Cooperative vs. Tidewater Lines*, 164 A. 313

By now we can clearly establish the citizen's right to travel by automobile in the everyday course of life. So where does this misconception that using the public highways in the everyday course of life is only a privilege come from?

"... For while a Citizen has the Right to travel upon the public highways and to transport his property thereon, that Right does not extend to the use of the highways, either in whole or in part, as a place for private gain. For the latter purpose, no person has a vested right to use the highways of the state but is a privilege or a license which the legislature may grant or withhold at its discretion." *State v. Johnson*, 243 P. 1073; *Cummins v. Homes*, 155 P. 171; *Packard v. Banton*, 44 S.Ct. 256; *Hadfield v. Lundin*, 98 Wash 516

Here the court held that the citizen has a right to travel upon the public highways but did not have the right to conduct business on the highways. On this point of law all authorities are unanimous.

"Heretofore the court has held, and we think correctly, that while a Citizen has the Right to travel upon the public highways and to transport his property thereon, that Right does not extend to the use of the highways, either in whole or in part, as a place of business for private gain." *Willis vs. Buck*, 263 P. 1 982; *Barney vs. Board of Railroad Commissioners*, 17 P.2d 82

and...

"The right of the citizen to travel upon the highway and to transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highway his place of business for private gain in the running of a stagecoach or omnibus." *State vs. City of Spokane*, 186 P. 864

What is this right that so "radically and obviously" differs from one who uses the highways as a place of business? Who better to enlighten us than Justice Tolman of the Supreme Court of Washington State? In State vs. City of Spokane, supra, the Court also noted a very "radical and obvious" difference, but went on to explain just what the difference is:

"The former is the usual and ordinary right of the Citizen, a common right to all, while the latter is special, unusual, and extraordinary."

and ...

"This distinction, elementary and fundamental in character, is recognized by all the authorities." *State vs. City of Spokane*, supra.

This position does not hang precariously upon a few cases but has been proclaimed in an impressive array of cases ranging from the state courts and the federal courts.

"The right of the Citizen to travel upon the highway and to transport his property thereon in the ordinary course of life and business, differs radically and obviously from that of one who makes the highway his place of business and uses it for private gain in the running of a stagecoach or omnibus. The former is the usual and ordinary right of the Citizen, a right common to all, while the latter is special, unusual, and extraordinary." *Ex Parte Dickey, (Dickey vs. Davis),* 85 SE 781

So, what is a privilege to use the road? By now it should be apparent to even the "learned" that an attempt to use the roads as a place of business is a privilege. The distinction must be drawn between...

1. Traveling upon and transporting one's property upon the public roads, which is our right and...

2. Using the public roads as a place of business or a main instrument of business, which is a privilege

"[The roads] ... are constructed and maintained at public expense, and no person, therefore, can insist that he has, or may acquire, a vested right to their use in carrying on a commercial business." *Ex Parte Sterling*, 53 SW.2d 294; *Barney vs. Railroad Commissioners*, 17 P.2d 82; *Stephenson vs. Binford*, supra.

"When the public highways are made the place of business the state has a right to regulate their use in the interest of safety and convenience of the public as well as the preservation of the highways." *Thompson vs. Smith*, supra.

"We know of no inherent right in one to use the highways for commercial purposes. The highways are primarily for the use of the public, and in the interest of the public, the state may prohibit or regulate ... the use of the highways for gain." *Robertson vs. Dept. of Public Works*, supra.

The state is not allowed to convert a liberty into a privilege, license it, and attach fee to it,

"No state shall convert a liberty into a privilege, license it, and attach a fee to it." *Murdock v. Pennsylvania*, 315 U.S. 105

And if the state does in fact convert a citizen's liberty or right into a privilege, issue a license and charge a fee for the exercise of said liberties or rights, the citizen may ignore the license and fee requirement and engage in the exercise of the Constitutional Right with impunity.

"If the state does convert your right into a privilege and issue a license and charge a fee for it, you can ignore the license and fee and engage in the right with impunity" *Shuttlesworth v. City of Birmingham Alabama*, 373 U.S. 262

Which means the state court cannot punish Mr. Nush for ignoring the license and fee requirement and exercising his constitutional right to travel when not engaged in commerce.

Even Wisconsin's own Statutes state vehicular travel as a matter of right.

""Highway" means all public ways and thoroughfares on the same. It includes the entire width between the boundary lines of every way open to the use of the public **AS A MATTER OF RIGHT FOR THE PURPOSES OF VEHICULAR TRAVEL.** It includes those roads or driveways in the state, county, or municipal parks and in state forests which have been opened to the use of the public for the purpose of vehicular travel..." **Wis Stat § 340.01 (22) – Highway** (emphasis added)

There should be considerable authority on a subject as important as this deprivation of the liberty of the individual "*using the roads in the ordinary course of life and business.*" However, it should be noted that extensive research has not turned up one case or authority acknowledging the state's power to convert the individual's right to travel upon the public roads into a "*privilege.*"

Therefore, it is concluded that the citizen does in fact have the "*Right*" to travel and transport his property on the public highways in the everyday course of life and exercise of said right is not a "*privilege*". We can conclude that the actions of Defendant GALLIGAN and FOND DU LAC COUNTY were in fact unlawful and did in fact deprive plaintiff of said clearly established constitutional right, under the color of state law.

## 5. Injury and Claims

The injury in fact of this matter is being deprived of the constitutional right to travel under the color of state law by the unlawful actions of Defendant GALLIGAN and FOND DU LAC COUNTY. The Right to Travel is protected under the right to life, liberty and pursuit of happiness. The plaintiff has also suffered emotional distress, Post Traumatic Stress, as plaintiff fears being stopped again for no valid reason every time plaintiff travels. Plaintiff is always constantly looking over my shoulder on the lookout for the Officers of FOND DU LAC COUNTY in fear of being stopped and deprived of his rights again. As a result of the past actions of FOND DU LAC COUNTY and their officers, Plaintiff have also suffered financial losses due to the constant police harassment and unlawful stops by their officers. Defendant BO GALLIGAN isn't the main cause of the emotional distress, as many of the officers at FOND DU LAC COUNTY have contributed to my emotional distress, but Defendant GALLIGAN has also contributed to it.

I am in the process at this moment in time to get evaluated for Post Traumatic Stress Disorder, due to the many times I have had my rights deprived under the color of state law. The actions from Defendant GALLIGAN and the many other Officers of FOND DU LAC COUNTY, disturbs the peace that I am trying to keep, causes many unnecessary issues such as pulling debt out of thin air at the side of the road, and make it impossible for me to pursue employment (denying the right to life, liberty and pursuit of happiness) anywhere as my automobile is my only means of transportation for where I currently live. I do not have the financial means to move, otherwise I would have moved away from Fond du Lac County and Wisconsin a long time ago.

## 6. Prayer for Relief Sought

I am respectfully seeking compensatory damages in the amount of $270,000.00 per the fee schedule listed on my private plate, that Defendant GALLIGAN implicitly agreed to by his actions of delaying the plaintiff's travel time by a non-emergency traffic stop, thus depriving the plaintiff of his constitutional right to travel by automobile. The fee is $10,000 per minute delayed or detained from a non-emergency traffic stop. Plaintiff was stopped at 3:45 pm, and was let go at 4:12 pm, for a total amount of time delayed 27 minutes. I am seeking that amount from both Defendant GALLIGAN and FOND DU LAC COUNTY. Damages for emotional distress are included in the total amount of compensatory damages.
I am also seeking reimbursement from the previous financial losses incurred by the deprivation of my right to travel under the color of state law by FOND DU LAC COUNTY. The total amount of financial losses incurred is $1134.18

Total Amount from Defendant GALLIGAN $270,000.00

Total Amount from FOND DU LAC COUNTY $ 270,000.00 + $1,134.18 (financial loss damages incurred)
For a Grand Total Amount: $541,134.18 in compensatory damages

Per the Federal Rules of Civil Procedure, Rule 65, I am also seeking a permanent injunction order to refrain Defendant BO GALLIGAN, FOND DU LAC COUNTY, and their officers to stop depriving the plaintiff of his constitutional right to travel under color of state law. The injunction is to add Mr. Nush to the **DO NOT STOP/DO NOT DETAIN/ DO QUESTION LIST** for minor and victimless offenses. DO NOT DETAIN does not apply upon Mr. Nush causing injury to someone or damage to property as required by common law. For Strict enforcement of the DO NOT DETAIN Injunction order, Mr. Nush reserves the right to issue further compensatory damages upon further harassment and deprivation of rights under color of State Law.

Wherefore, I respectfully request that this Court:
a. Enter judgment in my favor and against the Defendants;

b. Award the grand total compensatory damages, financial loss reimbursement, and emotional distress damages in the amount of $541,134.18 from both defendants;

c. Award reasonable attorney's fees and costs pursuant to 42 USC § 1988;

d. Grant such other and further injunctive relief as the Court deems just and proper.

## 7. Conclusion

I declare under penalty of perjury under the lawful laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief:

Respectfully Submitted with all rights reserved, without prejudice, and without recourse

Date: 09/06/2024

By: _____
*Authorized Representative, In Propria Persona*

State of Wisconsin

County of Fond du Lac

Subscribed and sworn to before me this 6th day of September 2024.

Notary Public Signature: Amy L. Eschenbauch

Notary Public Printed Name: Amy L. Eschenbauch

Commission expires: 9/1/2026

